HERBERT BATE AND OTHERS, APPELLANTS, *v.* AMERICAN FORK CITY AND OTHERS, RESPONDENTS.

APPEAL.—NEW TRIAL.—EVIDENCE.—Where the lower court has granted a new trial, and the appellate court, owing to the fact that the evidence in the record is vague and uncertain, and a diagram to which witnesses referred is not in the record, much of which cannot, for that reason, be fully understood, is unable to reach any satisfactory conclusion, and one of the reasons urged for a new trial is that the verdict is opposed to the evidence, and the record does not show for what reason the new trial was granted; *held,* that the order granting a new trial would not be reversed, except for manifest error.

APPEAL from an order of the district court of the first district sustaining a motion for a new trial.    The facts appear in the opinion.

*Mr. David Evans,* for the appellants.

*Mr. Arthur Brown, Messrs. Thurman and King, Mr. George Sutherland* and *Mr. J. G. Sutherland,* for the respondents.

ZANE, C. J.:

The plaintiffs alleged in their complaint in this case

that they were the owners of a certain bathing and pleasure resort on Utah lake; and that they were the owners of, and in the lawful possession of, bath-houses, a pavilion, dancing hall, refreshment room, and other buildings used by them in carrying on and conducting their business; and that defendants unlawfully, wantonly, and maliciously entered upon their premises, tore down and destroyed their buildings, and broke up and destroyed their business. For this alleged trespass the plaintiffs claimed damages in the sum of $2,500. The defendants filed an answer to the complaint, in which they denied the plaintiffs' ownership, and their right of possession of the ground from which plaintiffs' buildings were removed, and alleged that plaintiffs were wrongfully occupying with such buildings and business a public street of American Fork City, and that such buildings were removed by direction of such city; and that no unnecessary injury was done to them in such removal. Upon the issue so found, the case was twice tried in the district court, and both the verdicts were rendered against the defendants. The last verdict was for $900, and from the order of the court setting it aside, and granting a new trial, this appeal was taken. Several grounds for the new trial were insisted upon by the defendants, and the record does not show which of them the court regarded as sufficient. We assume, however, that the verdict was set aside upon the second ground; which is, in substance, that a clear preponderance of the evidence showed that the land upon which the buildings removed stood were within a public street of American Fork City, that this land had been dedicated to the uses of a public street opened by the city, and used as such by the public. The pleadings and the evidence and proceedings on the trial cover 280 printed pages. A diagram was used on the trial to which witnesses referred that is not found on the record, and

without it much of the testimony cannot be fully under-
stood; and much of the evidence is vague and uncertain.
Owing to this, we are unable to reach a perfectly satis-
factory conclusion as to the effect of the evidence. We
presume that the judge of the trial court set aside the
verdict, because he found that a clear preponderance of
the evidence showed that the buildings removed were upon
land that had been dedicated to the uses of a public street,
and that, being in a street, it was the right and duty of
the city to cause them to be removed, and that they were
removed without unnecessary injury to them. In view of
the evidence, we are unable to say that the court reached
a wrong conclusion. This court will not reverse such an
order of the lower court, except for manifest error. The
order appealed from is affirmed.

ANDERSON, J., and MINER, J., concurred.